# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERICA MURPHY and EDWIN SANCHEZ as Guardians ad Litem of J.S., a Minor, ALFRED EVANS, and KAIMYHRE IBN-BRITT-JACKSON, | § § § § § § | No. 499, 2025<br><br>Court Below—Superior Court of the State of Delaware |
| Plaintiffs Below, Appellants, | § § | C.A. No. N25C-07-163 |
| v. | § § § | |
| DELAWARE STATE POLICE OFFICER CORPORAL DEMPSEY R. WALTERS, NEWPORT POLICE OFFICER THOMAS D. KASHNER, DELAWARE STATE POLICE OFFICER CORPORAL EARL MARCHIONE, DELAWARE STATE POLICE DETECTIVE DAVID ARMSTRONG, JANE DOE(S), JOHN DOE(S), DELAWARE STATE POLICE, NEW CASTLE COUNTY POLICE, DEPARTMENT, NEWPORT POLICE DEPARTMENT, and ELSMERE POLICE DEPARTMENT, | § § § § § § § § § § § § § § § § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: December 12, 2025
Decided: January 30, 2026

Before **VALIHURA**,**TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal and the exhibits thereto, it appears to the Court that:

(1) Plaintiffs below-appellants seek certification of an interlocutory appeal from the Superior Court's decision dismissing their claims against police officers that they named as Jane Doe and John Doe defendants because they were unable to identify them by name when they filed their complaint.[1] The claims arose from physical and psychological injuries Plaintiffs alleged that they suffered in interactions with police officers in August 2023. In July 2025, Plaintiffs filed a complaint against Defendants below-appellees—police officers, their employers, and unknown police officers—for damages. Plaintiffs asserted claims for, among other things, violations of 42 U.S.C. § 1983, assault and battery, and false imprisonment.

(2) With the complaint, Plaintiffs filed a motion to proceed anonymously, seeking to use a pseudonym for one of the plaintiffs who was a minor and to name police officers that they were unable to identify at the time of filing as Jane and John Doe defendants. Some of the defendants moved to dismiss and opposed the naming of unknown police officers as Jane and John Doe defendants.

---

[1] *Murphy v. Walters*, 2025 WL 3162346 (Del. Super. Ct. Nov. 12, 2025).

2

(3) On November 12, 2025, the Superior Court issued a decision granting in part and denying in part the motions to dismiss. As to the naming of unknown police officers as Jane and John Doe defendants, the court held that this was not permitted under Delaware law. The court acknowledged Plaintiffs' argument that provisions of the Law Enforcement Officers Bill of Rights ("LEOBOR") impeded their ability to identify culpable police officers in a timely manner and thus created compelling and exceptional circumstances for the use of fictitious names, but concluded that it was not in a position to override the statute. The court ordered that the allegations relating to John and Jane Doe defendants be stricken from the complaint.

(4) Plaintiffs filed a timely application for certification of this ruling on the grounds that LEOBOR was unconstitutional as written and as applied to their case. Defendants opposed the application, emphasizing that the constitutionality of LEOBOR was neither presented in the complaint nor briefed by the parties. The Superior Court denied the application for certification.

(5) In denying certification, the Superior Court first noted that Plaintiffs failed to allege "what they did to learn the identity of the unnamed officers that was barred by LEOBOR."[2] This made it unclear to the court how LEOBOR prevented

---

[2] *Murphy v. Walters*, 2025 WL 3554617, at *1 (Del. Super. Ct. Dec. 11, 2025).

Plaintiffs from identifying the unknown police officers and left the court unable to determine whether there was a substantial issue of material importance as required for certification. The court next considered the Rule 42(b)(iii) criteria. Plaintiffs argued that Rules 42(b)(iii)(A) (a question of law resolved for the first time in Delaware), 42(b)(iii)(C) (a question of law relating to the constitutionality, construction, or application of a statute that has not been, but should be resolved by this Court before appeal of a final order), and 42(b)(iii)(H) (interlocutory review may serve considerations of justice) supported certification.

(6) As to Rule 42(b)(iii)(A), the Superior Court found that it was possible the interlocutory ruling resolved a question of law for the first time, but the question asked was unclear and Plaintiffs had not explained how LEOBOR was relevant to their claims. The court agreed that the question raised by Plaintiffs related to the constitutionality of a statute, but resolution of that issue would not change the outcome because the statute of limitations had already run for Plaintiffs' claims against the Jane and John Doe defendants. The court also concluded that review would not serve considerations of justice under Rule 42(b)(iii)(H) because fictious names would be barred in Delaware regardless of LEOBOR. The court found that the remaining criteria Rule 42(b)(iii) criteria were inapplicable.

4

(7)     Applications for interlocutory review are addressed to the sound discretion of this Court.[3]  In the exercise of our discretion and giving due weight to the Superior Court's view, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  We agree with the Superior Court that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review.  And as Defendants emphasized in their opposition to the application for certification, Plaintiffs did not raise the constitutionality of LEOBOR until their application for certification.  Exceptional circumstances that would merit interlocutory review do not exist,[4] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] Supr. Ct. R. 42(d)(v).
[4] *Id.* 42(b)(ii).
[5] *Id.* 42(b)(iii).